No. 12,511.

Underhill et al. *v.* Whitney, Trustee.
(299 Pac. 12)

Decided May 4, 1931.

Mr. R. L. Chambers, Mr. C. W. Dolph, for plaintiffs in error.

Mr. L. H. Snyder, for defendant in error.

*In Department.*

Mr. Justice Moore delivered the opinion of the court.

Vincent Whitney, as trustee, had judgment for $6,309.55 in the district court of El Paso county against Clarence Underhill and Ernest Marsh who here seek

a reversal thereof claiming that the plaintiff had no capacity to sue.

The Cross S. Cattle Company, an Arizona corporation, and others, on August 1, 1919, executed and delivered a trust deed to Henry Carstens, trustee, to secure a bond issue of $350,000. The property thereby conveyed consisted of real estate in Arizona and cattle, horses and mules. This deed contained the usual provision authorizing the appointment of a successor to the trustee upon his death, refusal or inability to act, power of appointment being given to Carstens & Earles, Incorporated. On May 16, 1921, L. L. Hillman was appointed to succeed Henry Carstens as trustee. On August 6, 1922, Hillman was duly succeeded by G. Austin Haskell.

Upon default in the payment of interest on its bonds, a foreclosure suit was instituted by Haskell against the grantors in said deed of trust. With consent of the defendants, a decree of foreclosure was entered and sheriff's sale had thereunder to Haskell, trustee, on July 10, 1924. Whereupon Haskell took possession of said property and conducted the Cross S. Cattle Company's business as a going concern. On March 5, 1925, as such trustee, Haskell sold to defendants, pursuant to the terms of a written contract, 700 steers and 500 heifers; delivered to defendant 283 steers and 179 heifers and failed to deliver the balance called for in the contract. Defendants, contending that Haskell had breached his contract, having theretofore paid $4,000 on account, refused to pay $4,716.45, the balance of purchase price of said cattle, and on August 17, 1926, Haskell, as trustee, commenced an action against defendants to recover this amount. Defendants answered and cross-complained for damages for breach of contract. This case was subsequently dismissed without prejudice; Haskell resigned and Whitney, his successor as trustee, appointed by Carstens & Earles under the authority of the deed of trust, filed his complaint herein alleging the facts herein recited and praying judgment for balance due. The de-

fendants in their answer admitted the purchase of said cattle, but denied that plaintiff's predecessor Haskell was then acting as trustee for the bondholders. They also filed a cross-complaint wherein they alleged that "on March 5, 1925, the said G. Austin Haskell, in his individual capacity and under the name of G. Austin Haskell, Trustee, was the owner of 700 steers and 500 heifers that he formerly purchased on July 10, 1924, from the sheriff of Gila county, Arizona, at the foreclosure sale of the Cross S. Cattle Company. That on March 5, 1925, defendants purchased from G. Austin Haskell under the name of G. Austin Haskell, Trustee, 700 steers at five and one-half cents per pound, and 500 heifers at four cents per pound."

Upon a trial to the court, the plaintiff having introduced evidence supporting the allegations of his complaint, rested, the defendants demurred to the evidence "for the reason that the same does not show the capacity of the plaintiff to sue defendants as trustee" and further moved for a nonsuit based upon insufficient evidence. The court overruled said demurrer and motion, and the defendants, electing to stand thereon, failed to introduce any evidence in support of their answer or cross-complaint, whereupon the court entered judgment for the plaintiff in the sum of $6,309.55 being the contract purchase price of said cattle plus interest.

The sole question here presented is plaintiff's capacity to sue.

Defendants argue that Haskell's authority as trustee terminated upon the foreclosure sale; that his authority to purchase thereat not being authorized by all the bondholders (93 per cent consented), Haskell thereafter acted as a trustee de son tort; that Haskell obtained no title to the cattle in question either as trustee or otherwise and could convey none to defendants; that the power to appoint a successor in trust terminated upon the foreclosure of the trust deed, therefore the appointment of Whitney as trustee to succeed Haskell who resigned was

void and he has shown no authority as trustee or otherwise to prosecute this action. Epitomized, the bondholders, being the owners of said cattle, should have prosecuted this suit, and a judgment in favor of plaintiff will not bar a suit by the bondholders based upon the same charges.

The argument presents an ingenious effort of defendants to evade the payment of a just debt. They contracted with Haskell recognizing him to be a trustee of some sort. They accepted the cattle delivered by him; never questioned his right to sell or the title thereby obtained; subsequently sold the same, retaining the proceeds, and at no time have offered to pay anyone the balance due therefor.

 The record, covering the period from March 5, 1925, to the present time, evidences a persistent purpose to avoid payment. If defendants had any doubt as to the character of plaintiff's trusteeship, common business judgment would have required an investigation before the cattle were contracted for. At that time they must have believed Haskell had good title because they accepted the cattle and thereafter sold them. They admit Haskell's title as trustee for the bondholders by seeking to recover on the cross-complaint against plaintiff as trustee, but attempt to evade this admission by charging therein that they purchased from the individual Haskell, but acting under the name of Haskell, as trustee. To say the least their argument places them in an anomalous and unenviable position and one which we should not protect by the application of a hypertechnical construction of the law of trusteeship. However, if such were used, it would not result in sustaining defendants' contention. Haskell admittedly was a duly constituted trustee under the deed of trust before the foreclosure sale. Thereafter his powers as such continued for the purpose of distributing the proceeds of said sale to the bondholders, and the power to appoint a successor au-

thorized by said trust deed also continued for such purposes.

The foreclosure decree specifically authorized any party to the action to become a purchaser at the sale. Ninety-three per cent of the bondholders authorized Haskell, as their trustee, to purchase the property at foreclosure sale and no bondholder has ever questioned the validity of said sale, Haskell's good faith, his right to purchase as trustee or to conduct the business as a going concern.

After the institution of the first action and its dismissal without prejudice, Haskell resigned and Whitney, the plaintiff, was appointed by Carstens & Earles, Incorporated, as successor in trust to Haskell pursuant to the authority granted in said trust deed. The record also shows an assignment of all property here involved by Haskell, trustee, to Whitney, successor in trust. No bondholder has attacked Haskell's power to resign as trustee, to assign to Whitney, or Whitney's authority to act as their trustee and prosecute this action for their benefit.

Under these circumstances a collateral attack such as here presented by defendants who are strangers to the trust cannot be countenanced even assuming the correctness of their legal theories.

Judgment affirmed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE BUTLER and MR. JUSTICE BURKE concur.